The Honorable Larry Cook Prosecuting Attorney 17th West Judicial District P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Cook:
This is in response to Deputy Prosecuting Attorney Barbara Elmore's request for an opinion on the validity of a proposed county nepotism ordinance. Specifically, the ordinance provides that no elected or appointed official "may employ a member of his/her family to a position directly or indirectly responsible to such official." It also provides that "no person may be employed if a member of his/her family has supervisory authority over that employee." The ordinance contains a provision which allows any family member of an elected or appointed official to stay employed until the elected or appointed official begins his or her term on January 1, 1999. Ms. Elmore asks whether this would be a valid ordinance if adopted properly.
I must note that as a general matter, my office does not review county ordinances with a view toward determining their validity prior to their entry into force. That matter is appropriately left to the county attorney. I can opine, however, on the impact of any relevant state law.
The Arkansas "County Government Code" does contemplate the enactment of county nepotism ordinances. Section 14-14-805(2) provides in pertinent part that: "subject to the limitations imposed by the Arkansas Constitution and state law regarding these subject areas, a quorum court may exercise any legislative authority with regard to employee policy and practices of a general nature, including, but not limited to establishment of general vacation and sick leave policies, general office hour policies, general policies with reference to nepotism, or general policies to be applicable in the hiring of county employees." (Emphasis added.) The enactment of nepotism policies has been held by the Arkansas Supreme Court to be within the legislative authority of a quorum court. SeeHenderson v. Russell, 267 Ark. 140, 589 S.W.2d 565 (1979).
I cannot, however, in the context of an official legal opinion, determine whether the application of the ordinance will be "valid" in all respects. Such a determination must be made with reference to the facts of a particular situation, or at least with reference to a particular legal principle, e.g., the obligation of contracts, due process, etc. I have enclosed for your review, however, several previously issued opinions on the subject of nepotism. I hope they will be of use to you.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh